UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

75 RETAIL ENTERPRISES, INC., a Florida
corporation,

           Plaintiff,

-vs-                                          Case No.  5:06-cv-116-Oc-10GRJ

WILLIAM O. FARMER, in his official
capacity as Sheriff of Sumter County,
Florida,

           Defendant.
_____

## O R D E R

This case is before the Court for consideration of the Plaintiff's Emergency Motion for Preliminary Injunction (Doc. 3), to which the Defendant has responded (Doc. 15). A hearing was held on the Motion on April 19, 2006, and the Plaintiff has filed a Proposed Order of Injunction (Doc. 2). The Motion is therefore ripe for review. For the reasons set forth below, it is due to be denied without prejudice.

### Background

The facts, as set forth in the Plaintiff's Verified Complaint (Doc. 1), are as follows. The Plaintiff, 75 Retail Enterprises, Inc. is a Florida corporation, doing business as X-Mart Adult Supercenter ("X-Mart") at 973 East State Road 44 in Sumter County, Florida. X-Mart was and is engaged in the business of selling, renting, and otherwise disseminating and making available to the adult public materials, literature, tapes, and supplies and products

of a sexually oriented and non-sexually oriented nature. These materials are sold and rented to consenting adults for off-premises viewing. Persons under 18 years of age are not permitted in X-Mart's store and are not allowed to purchase any products from X-Mart's store. All of X-Mart's videos and DVDs are released "direct to video" or "direct to disk."

In July, 2004, X-Mart opened its store in Sumter County, Florida. Since that time, X-Mart and the Defendant, William O. "Bill" Farmer, Jr., the Sheriff of Sumter County, Florida, have been engaged in a dispute over X-Mart's right to open and operate in the community. After X-Mart opened, various members of the community voiced their disapproval of the store and looked to their local elected officials and church leaders to have X-Mart closed down. A spokesman for the Sumter County Sheriff's Office reported that Sheriff Farmer planned to work with the State Attorney's Office to see if there was any legal procedure available to shut down the new business. Further, the spokesman stated that "it's the sheriff's belief that this type of business in not an acceptable community standard. It remains to be seen if there is anything that can be done about it. It's the first of its kind in Sumter County, and we hope that the community won't support it."

In October, 2004, criminal misdemeanor charges were brought against Evgueni Soulaguine, who is employed by X-Mart and the holder of X-Mart's business license, for the sale of an obscene DVD in violation of Florida Statute § § 847.011(1)(a) and 847.001(10). During the course of his prosecution, the local State Attorney tendered a plea bargain conditioned on Mr. Soulaguine's agreement to forfeit his business license and close X-Mart. As a result of this prosecution, X-Mart brought a civil action against Sheriff

Farmer in this Court alleging that Sheriff Farmer was using Florida's obscenity laws as a pretext to harass and close X-Mart. See 75 Retail Enterprises, Inc. v. King, et. al., Case No. 5:05-cv-129-Oc-10GRJ (M.D. Fla. 2005). That proceeding is technically still pending before this Court, although X-Mart has moved for a voluntary dismissal.

Subsequent to the filing of this first lawsuit, Mr. Souliaguine was convicted of one count of selling an obscene film, and was sentenced to 364 days in jail - the maximum penalty allowable. The County Judge refused to grant bail pending appeal, and Mr. Souliaguine is currently serving his sentence. None of the other videotapes and DVDs at X-Mart's Sumter County store have been adjudicated obscene.

Beginning on March 22, 2006, several Sumter County Sheriffs officers participated in an undercover investigation of X-Mart "to see if the business was in violation of Florida State Statute 847.202, which is the sale of movies without an official motion picture movie rating or not being marked NR for not rated." Detective Patrick A. Breeden purchased two videos on March 22, 2006 which he contends did not include such a rating or label.

On March 27, 2006, Sheriff Farmer, through Detective Breeden and other officers, obtained a search warrant from Circuit Judge William H. Hallman, III. The warrant was issued based on an *ex parte* application to the court, without notice to X-Mart. The search warrant found "probable cause to believe that the laws of the State of Florida to-wit: sell, rent video without rating or NR (not rated) as defined in Florida State Statutes 847.202(2) have been and are being violated on or in [X-Mart's] premises . . . ." The warrant instructed Sheriff Farmer to "search diligently for said evidence of Sell of, attempted Sell of [sic] DVDs

or VHS tapes of motion pictures, which are not rated nor marked NR for not rated," and "to seize or take property or materials mentioned in this warrant to safely keep the same until otherwise ordered by a court having jurisdiction thereof." The search warrant did not direct Sheriff Farmer to seize any particular videos by name, and was not limited to the two videos purchased by Detective Breeden.

On March 28, 2006, Sumter County Sheriff's officers executed the search warrant on X-Mart. The search lasted for approximately 12 hours, during which time X-Mart was forced to cease business operations. At the conclusion of the search, Sumter County Sheriffs officers removed approximately 22,000 DVDs and videos from X-Mart's store - substantially all of its inventory. Many of these DVDs and videos were duplicate copies of the same film. The officers also seized all of the security jacket theft devices which house the videos and DVDs. The Sheriffs officers made no attempt to remove the security jackets prior to seizing the videos or DVDs. As of the date of this Order, Sheriff Farmer remains in possession of approximately 22,000 of X-Mart's videos and DVDs, worth in excess of $200,000, and 22,000 security jackets, worth in excess of $40,000.

On March 30, 2006, X-Mart sent a demand letter to Sheriff Farmer, requesting the immediate return of all 22,000 videos and DVDs and all 22,000 security jackets. It is unclear whether Sheriff Farmer ever formally responded to this letter, but it is undisputed that Sheriff Farmer has not returned any of X-Mart's property. X-Mart has not filed any formal motions in state court for the return of its property, or attempted to utilize any other state avenues of relief.

Instead, X-Mart filed the present suit before this Court, seeking declaratory and injunctive relief from Sheriff Farmer's seizure of its entire video and DVD inventory. X-Mart initially requested a temporary restraining order which the Court denied for failure to satisfy the requirements of Rule 4.05 of the Local Rules of the Middle District of Florida and Rule 65(b) of the Federal Rules of Civil Procedure (Doc. 7). X-Mart also sought a preliminary injunction, which is the matter currently before the Court.

In its proposed order for preliminary injunctive relief, X-Mart has asked that: (1) Sheriff Farmer immediately return to X-Mart all of the videos, DVDs and security jackets seized under the March 27, 2006 search warrant; (2) Sheriff Farmer, his agents, and all others acting in concert with him, be enjoined from enforcing § 847.202 against X-Mart during the pendency of this lawsuit; and (3) Sheriff Farmer, his agents, and all others acting in concert with him, be enjoined from seizing any large quantity of videos and DVDs from X-Mart without a court order entered after an adversarial hearing.

In support of this requested preliminary relief, X-Mart has asserted several theories under both state and federal law. X-Mart first argues that the seizure of its inventory was not permitted pursuant to Florida Statute § 933.02(3) because it is merely evidence of a misdemeanor. X-Mart next contends that Florida's movie rating provision does not apply to X-Mart's inventory because X-Mart's videos and DVDs are not copies of a "motion picture film" as set forth under the statute,[1] and that even if that statute does apply to X-

---

[1] See Fla. Stat. § 847.202(c).

5

Mart, it was in substantial compliance with the statute's ratings and labeling requirements. X-Mart also asserts that § 847.202, both on its face and as applied to X-Mart in this case, violates both the Dormant Commerce Clause and the First Amendment to the United States Constitution. X-Mart lastly contends that § 847.202 is unconstitutionally vague and ambiguous on its face, and that Sheriff Farmer's seizure of X-Mart's entire inventory of videos and DVDs constitutes a prior restraint in violation of the First Amendment.

## Preliminary Injunction Standard

A preliminary injunction is "an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on each of [the] prerequisites."[2] In ruling on X-Mart's motion for a preliminary injunction, the Court must determine if the following prerequisites have been established: (1) a substantial likelihood that X-Mart will ultimately prevail on the merits of its claims; (2) X-Mart will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to X-Mart outweighs the threatened harm the proposed injunction may cause Sheriff Farmer; and (4) the injunction, if issued, would not be a disservice to the public interest.[3] The primary purpose of a preliminary injunction is to preserve the court's ability to render a meaningful decision on the merits.[4]

---

[2] Suntrust Bank v. Houghton Mifflin Co., 525 F.3d 1165, 1166 (11th Cir. 2001).

[3] Johnson v. U.S. Dept. of Agriculture, 734 F.2d 774, 781 (11th Cir. 1984); Canal Authority of State of Fla. v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974).

[4] Canal Authority, 489 F.2d at 573.

**Discussion**

Both Parties have presented lengthy arguments as to whether X-Mart is substantially likely to prevail on the merits of its state and federal claims.  However, the Court need not reach this issue since it is clear, and ultimately fatal to X-Mart's request for preliminary injunctive relief, that X-Mart has not suffered any irreparable harm at this time.

To demonstrate irreparable harm, a plaintiff must show that it has no adequate remedy at law, meaning that its injury "cannot be undone through monetary remedies."[5] X-Mart attempts to meet its burden by arguing that Sheriff Farmer's actions in seizing X-Mart's entire video and DVD inventory pursuant to § 847.202 is a violation of X-Mart's right to free speech under the First Amendment, and a *per se* irreparable injury.[6]  However, Florida Statute § 847.202 is content neutral on its face and its application to X-Mart does not implicate the First Amendment.  The statute simply states that it is unlawful for any person to sell or rent a "video movie" that has no official rating label, or is not labeled "NR" or "Not Rated."[7]  The statute has nothing to do with the content of the video movies, and there is some evidence that the Sheriff conducted similar searches and seizures at other

---

[5] Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir.  1987) (citing Cate v.  Oldham, 707 F.2d 1176, 1189 (11th Cir.  1983)).

[6] See X-Mart's Memorandum of Law in Support of its Motion for Temporary Restraining Order and Preliminary Injunction (Doc.  5), at 3.  See also Elrod v.  Burns, 427 U.S. 347, 373 (1976); Deerfield Medical Center v.  County of Deerfield Beach, 661 F.2d 328, 338 (5th Cir.  1981).

[7] Fla.  Stat. § 847.202(2).

establishments that sell and/or rent videos and DVDs to a broader market of consumers, including flea markets, Wal-Mart and Blockbuster Video.

Given the history of the relationship between these parties it would be fatuous to suggest that the Sheriff is uninfluenced by the content of X-Mart's stock in trade; but, from a legal standpoint, the statute presently at issue (though flawed it may be) is content neutral and this does not presently appear to be a First Amendment case in which irreparable harm should be presumed. In fact, it was established at the hearing that X-Mart has replenished its stock, with compliant labels, and is now doing business as usual without any apparent interference by the Sheriff.

X-Mart next contends that the seizure and application of § 847.202 violates the United States Constitution's Dormant Commerce Clause, which is also *per se* evidence of irreparable harm.[8] Specifically, X-Mart argues that Florida's requirement that vendors label their videos and DVDs with a particular rating or "NR" designation constitutes an unreasonable and undue burden that serves no government interest. While it is true that Florida's ratings provision does not exist in the majority of the other 49 states, any burden placed on vendors such as X-Mart is minimal at best. As X-Mart itself admits in its Verified Complaint and supporting papers, it routinely and consistently labels its videos and DVDs in many different ways. For example, it must place a label on each video and DVD specifying its price, and it must include a "2257 notice" as required by 15 U.S.C. § 2257.

---

[8]See X-Mart's Memorandum of Law, at 4.

8

And, as X-Mart argues in its state law claims, it already labels each of its videos and DVDs as "Adults Only," "Age 18 or Older," or "XXX." To require one more label, or an additional notation on an existing label already affixed on the products, does not rise to the level of irreparable harm such that preliminary injunctive relief is warranted. Moreover, the cost to X-Mart of placing an additional label on its videos and DVDs can be easily calculated and remedied through monetary relief - thus X-Mart's injury is not irreparable.[9]

Finally, X-Mart contends that without the immediate return of its seized property, it faces a substantial risk of losing its business long before the Sheriff ever disposes of the inventory or before any criminal prosecutions are brought and/or resolved. Any loss of revenue or other damage to X-Mart's business operations can be remedied through monetary relief. In addition, X-Mart has several state law avenues through which it may seek the immediate return of its property - none of which it has yet to utilize. At the hearing, Sheriff Farmer further informed the Court that state criminal proceedings have now been commenced against X-Mart for alleged violations of § 847.202, providing X-Mart with yet another avenue to seek the return of its inventory and challenge Florida's rating scheme, or to assert its effective compliance with the statute in the way the goods are already marked. Moreover, any irreparable harm to X-Mart's business seems to be belied by the concession at the hearing that X-Mart reopened its store within a week of the

---

[9]See, e.g., Norfolk Southern Corp. v. Oberly, 594 F. Supp. 514 (D.C. Del. 1984) ("where the loss to Plaintiffs is purely monetary and that loss by itself is not an 'irreparable injury,' any violation of the commerce clause does not constitute irreparable injury per se").

seizure, has restocked its shelves, and re-labeled all of its videos and DVDs as required by § 847.202.

In sum, this is not a First Amendment obscenity case, nor a situation where X-Mart's business has been closed since the seizure and unable to reopen without the Court's assistance. Rather, this is simply a case where X-Mart seeks the return of its property. Such a deprivation can easily be repaired - either by the return of the property, or through monetary damages - both of which should first be sought in state court.[10]

## Conclusion

The purpose of a preliminary injunction is to maintain the status quo against a threatened irreparable injury. Here, the alleged injury has already occurred. X-Mart may well be entitled to ultimate relief in the form of a declaratory decree, an injunction, or an award of damages, but the Court is not persuaded that an injunction would presently be appropriate especially given the commencement of criminal proceedings in state court and the availability to X-Mart of state procedures by which X-Mart may seek the return of its seized property.

Because X-Mart has not suffered any irreparable harm at this time, and because there are various state proceedings that X-Mart can utilize in an attempt to achieve the

---

[10]Because there is no irreparable harm, the Court need not address at this time the constitutionality of Florida Statute § 847.202, whether that statute applies to the inventory seized by Sheriff Farmer, or whether X-Mart substantially complied with the requirements of § 847.202. All of these issues can, and should be first addressed as part of X-Mart's state criminal proceedings.

same relief (including the now pending state criminal proceedings), X-Mart has not met its burden of establishing entitlement to a preliminary injunction. X-Mart's Emergency Motion for Preliminary Injunction (Doc. 3) is therefore DENIED WITHOUT PREJUDICE. X-Mart's claims against Sheriff Farmer may otherwise proceed in this Court.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 25th day of April, 2006.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record